**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Hershy Itzkowitz, | ) | Case No. 18-23342-rdd |
| | ) | |
| *Debtor*. | ) | |
| | ) | |

## <u>MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY</u>

FT171, LLC (the "Movant"), the fee owner of that certain real property known as

221 Remsen Avenue, Monsey, New York 10952, formerly known as 47 Remsen Avenue,

Monsey, New York 10952 (the "Property"), by and through its undersigned counsel, hereby files

this motion (the "Motion"), pursuant to sections 362(d)(1), 362(d)(2), 362(d)(4), and 105(a) of

title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order, substantially in

the form annexed hereto as <u>Exhibit A</u>, (i) granting Movant *in rem* relief from the automatic stay

in the above-captioned bankruptcy case (the "Bankruptcy Case") and in any other bankruptcy

cases purporting to affect the Property that are filed within two years after the date of entry of

such order (any "Subsequent Cases"), to permit Movant enforce its rights and remedies in and to

the Property, including Movant's rights under the *Writ of Assistance* (the "Writ of Assistance)

signed on July 19, 2018 by the Supreme Court of the State of New York, County of Rockland

(the "New York Supreme Court"),[1] to evict Hershy Itzkowitz (the "Debtor") and others from the

Property, and waiving the 14-day stay of such order under Fed. R. Bankr. P. 4001(a)(3) for

cause, and in support thereof, respectfully represents as follows:

---

[1]     A copy of the Writ of Assistance is attached hereto as <u>Exhibit C</u>.

## PRELIMINARY STATEMENT

1.      This Bankruptcy Case—the seventh bankruptcy case commenced by the Debtor—was filed on the eve of his eviction from the Property, for the clear purpose of hindering Movant's right to enforce a Writ of Assistance issued by the New York Supreme Court, after the Debtor's appeal of the Writ was denied by the Appellate Division, Second Judicial Department. The timing of the filing of this Bankruptcy Case, together with the history of the Debtor's prior bankruptcy cases and his vexatious litigation in the New York courts, makes it clear that immediate *in rem* stay relief is necessary to protect Movant's rights in the Property and prevent the Debtor from further abusing the bankruptcy process.

2.      The New York Supreme Court entered a judgement of foreclosure and sale with respect to the Property in 2002. Notwithstanding the foreclosure judgement, the Debtor delayed the sale of the Property for an astounding fifteen years by, among other tactics, filing multiple bankruptcy cases before this Count, and engaging in extensive and vexatious litigation in state court. On July 28, 2016, this Court entered in order grating *in rem* stay relief in the Debtor's fifth bankruptcy case, finding that the bankruptcy case and the Debtor's continued pursuit of arguments that his secured creditor lacked standing was part of a scheme to delay and hinder the secured creditor involving multiple bankruptcy filings.

3.      After entry of the *in rem* order by this Court, the Debtor continued to delay the foreclosure sale through actions in state court, until a foreclosure auction was finally conducted September 26, 2017. After competitive bidding, Movant (who was the secured creditor at the time of the sale) was recognized by the referee as having submitted the highest qualify bid for the Property. Movant received a referee deed to the Property on November 22, 2017.[2]

---

[2]      A copy of the referee Deed is attached hereto as Exhibit E.

4.      On December 15, 2017, Movant service the Debtor with a notice to quit.  The Debtor, however, refused to vacate the Property, failed to provide any rent or other adequate protection for his ongoing use of the Property, and delayed Movant's efforts to evict him for eight months through continued frivolous litigation and delays—including removing the eviction proceedings to federal court and appealing the remand.

5.      On July 19, 2018, the New York Supreme Court signed the Writ of Assistance, in which, among other things, it (i) found that Movant is the fee owner of the Property; (ii) found that the Debtor has no right of use, occupancy, or possession of the Property, and (iii) decreed that the Sheriff of the County of Rockland, upon receipt of the Writ of Assistance and seventy-two (72) hour notice, shall evict any person occupying the Property adversely to Movant. The Writ of Assistance was entered by the County Clerk on July 23, 2018 and delivered to the Sheriff on July 24, 2018. A notice of eviction was served on the Debtor on July 30, 2018, thereby starting the 72-hour clock.

6.      On July 31, the Debtor appealed the Whit of Assistance to the Appellate Division, Second Judicial Department (the "Appellate Division") and moved for a stay pending a hearing and determination of the appeal. The eviction was temporarily stayed pending the Appellate Division's consideration of the motion. On August 27, 2018, the Appellate Division dismissed the appeal from the Writ of Assistance, on the court's own motion, and denying the motion for a stay. [3]On August 28, 2018, the Debtor was served with a second notice of eviction, restarting the 72-hour clock. On August 30, 2018, the Debtor filed this Bankruptcy Case.

---

[3]      A copy of the Appellate Division decision denying the Debtor's appeal from the Writ of Assistance is attached hereto as Exhibit D.

7.      This case was clearly filed in bad faith for the singular and improper purpose of delaying and hindering Movant from enforcing its right with respect to the Property and further delaying the Debtor's court-ordered eviction. The Debtor has had his day in court for eighteen years. Throughout that time, he used the Property without making a single payment, at the expense of his secured creditor. Movant respectfully submits that the Court should not tolerate the Debtor's bad-faith filing and should grant Movant immediate *in rem* relief from the automatic stay.

## JURISDICTION, VENUE, STATUTORY BASIS

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 362(d) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

A.              **Note, Mortgage, Default of Mortgage, Transfer of Property**

9.      On information and belief, on August 5, 1998, the Debtor's mother, Margaret Itzkowitz, by her attorney in fact, executed and delivered to Washington Mutual Bank, FA ("WaMu"), that certain Note dated August 5, 1998 (the "Note") in the original principal amount of $307,500.00. On information and belief, as security for the Note, Margaret Itzkowitz, by her attorney in fact, executed and delivered that certain Mortgage dated August 5, 1998 (the "Mortgage"), pursuant to which she granted a security interest in and lien upon Property. The Mortgage was recorded with the County Clerk of Rockland County, New York on August 11, 1998.  Copies of the Note, the Mortgage, and the recording document are attached hereto as Exhibit G.

10.      On information and belief, on May 1, 2000, Margaret Itzkowitz defaulted on the

Note and Mortgage by failing to make the monthly payment of principal and interest that was

due on that date.  On information and belief, no further payments were made on the Note and

Mortgage. On information and belief, shortly after defaulting, on May 5, 2002, Margaret

Itzkowitz conveyed title to the Property of the Debtor and his wife, Pearl Itzkowitz.

**B.**           **Foreclosure Judgment**

11.      On December 31, 2000, WaMu commenced a foreclosure proceeding with respect

to the Property.  On April 3, 2002, the New York Supreme Court issued a *Judgment of*

*Foreclosure and Sale* (the "Foreclosure Judgement").  A copy of the Foreclosure Judgment is

attached hereto as Exhibit H.

**C.**           **Foreclosure Sale Delayed for Fifteen Years; Prior in Rem Relief**

12.      On information and belief, notwithstanding entry of the Foreclosure Judgement,

the Debtor delayed the foreclosure sale of the Property for more than fifteen years through

extensive ligation in federal and state court, including, among other things: (i) filing six prior

bankruptcy cases with this Court, each of which was dismissed; and (ii) filing fifteen motions for

temporary stays of the foreclosure auction with the New York Supreme Court.

13.      On July 28, 2016, in the fifth bankruptcy case filed by the Debtor, this Court

entered an order granting *in rem* relief from the automatic stay with respect to the Property.  A

copy of the prior *in rem* order is attached hereto as Exhibit F.

**D.**           **Assignment of Note and Mortgage to Movant**

14.      On August 9, 2017, the Note and Mortgage were assigned to Movant.  The

assignment of the Mortgage was recorded with the Rockland County Clerk on August 28, 2017.

A copy of the assignment is attached hereto as Exhibit G.

**E.**        **Foreclosure Auction, Referee's Deed, Notice to Quit, Eviction Action**

15.    On September 26, 2017, a foreclosure auction of the Property was conducted by Gerad Amalfitano, Esq., the referee appointed pursuant the Foreclosure Judgement (the "Referee"). After a competitive bidding process, the Referee accepted a bid from the Movant, in the amount of $700,000.00, as the highest qualifying bid.

16.    On November 22, 2017, the Referee conveyed title to the Property to Movant pursuant to a Referees Deed (the "Referee Deed").  A copy of the Referees Deed is attached hereto as Exhibit E.

17.    On December 15, 2017, a Notice to Quit and copy of the Referees Deed were served on and exhibited to the Debtor, his wife, and his mother at the Property. The Debtor and other occupants refused to vacate the Property.

18.    On January 3, 2018, Movant commenced a post-foreclosure holdover summary proceeding in the Town of Ramapo Justice Court (the "Eviction Action").

19.    On January 22, 2018, the Debtor removed the Eviction Action to the United States District Court for the Southern District of New York, under Civ. No.18-00542. On March 29, 2018, the Federal District Court remanded the Eviction Action to the Town of Ramapo Justice Court. The Debtor has appealed this decision to the Second Circuit Court of Appeals.

20.    On June 7, 2018, Justice Stein of the Town of Ramapo Justice Court recused himself from the Eviction Action after being subjected to *ex parte* communications via telephone and in person.

**F.**        **Writ of Assistance**

21.    On June 12, 2018, after Judge Stein's recusal, the Movant sought a writ of assistance from the New York Supreme Court. On July 18, 2018, the New York Supreme Court

entered the Writ of Assistance in favor of Movant, under which it ordered, adjudged and decreed, among other things, that: (i) Movant is the fee owner of the Property by the Referees Deed; (ii) Movant is entitled to the use, occupancy, and possession of the Property; (iii) the Debtor has no right of use, occupancy, or possession of the Property; and (iv) the Sheriff of the County of Rockland, upon receipt of the Writ of Assistance and seventy-two (72) hour notice, shall enter the Property and eject any person occupying the Property adversely to Movant, and put Movant into possession of the Property.

22.     The Writ of Assistance was entered by the County Clerk on July 23, 2018 and delivered to the Sheriff on July 24, 2018. On July 30, 2018, a notice of eviction was served on the Debtor, thereby starting the 72-hour clock.

23.     On July 31, 2018, the Debtor appealed the Writ of Assistance to the Appellate Division and moved for a stay pending a hearing and determination of the appeal. The eviction was temporarily stayed pending the Appellate Division's consideration of the motion. On August 27, 2018, the Appellate Division dismissed the appeal from the Writ of Assistance, on the court's own motion, and denying the motion for a stay. A copy of the Appellate Division decision is attached hereto as Exhibit D.

24.     On August 28, 2018, the Debtor was served with a second notice of eviction, restarting the 72-hour clock.

25.     On August 30, 2018, the Debtor filed this Bankruptcy Case

**BASES FOR RELIEF**

26.     By this Motion, the Movant is seeking an order granting "in rem" relief from the automatic stay with respect to the Property, under section 362(d)(4) of the Bankruptcy Code, that would apply in any other bankruptcy case purporting to affect the Property filed within two years

after the date of the entry of such order, as well as relief from the automatic stay pursuant to

section 362(d)(1) and/or (2) of the Bankruptcy Code.

**I.    In Rem Stay Relief Pursuant to 11 U.S.C. § 362(d)(4) is Necessary to Prevent
Further Abuse of Bankruptcy Process**

27.    Pursuant to section 364(d)(4) of the Bankruptcy Code, a secured creditor is

entitled to "in-rem" stay relief if the Court finds that the debtor's bankruptcy petition was part of

a scheme to delay, hinder or defraud creditors that involved multiple bankruptcy filings:

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose
claim is secured by an interest in such real property, if the court finds that the filing of the
petition was part of a scheme to delay, hinder, or defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the
consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

If recorded in compliance with applicable State laws governing notices of interests or liens in
real property, an order entered under paragraph (4) shall be binding in any other case under this
title purporting to affect such real property filed not later than 2 years after the date of the entry
of such order by the court, except that a debtor in a subsequent case under this title may move for
relief from such order based upon changed circumstances or for good cause shown, after notice
and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or
liens in real property shall accept any certified copy of an order described in this subsection for
indexing and recording.

28.    A secured creditor seeking *in rem* stay relief "has the burden of establishing that

the current filing is part of a scheme, that the scheme involved the transfer of real property or

multiple filings, and that the object of the scheme is to hinder, delay and defraud." *See In re*

*Lemma*, 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008), see also 1 1U.S.C. § 362(d)(4)(B). A

bankruptcy court may "infer an intent to hinder, delay, and defraud creditors from the fact of

serial filings alone." *In re Procel*, 467 B.R. 297 (Bankr. S.D.N.Y. 2012). In determining whether

multiple filings are were made for the purpose of delaying, hindering, or defrauding creditors,

courts have examined, among other things, the debtor's conduct in the prior bankruptcy cases,

including whether not the debtor confirmed a plan or made post-petition payments to creditors.

8

*See In re Montalvo*, 416 B.R. 381 (Bankr. E.D.N.Y. 2009). "Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *In re Felberman*, 196 B.R. 678 (Bankr. S.D.N.Y. 1995) (internal citations omitted).

29.     Here, the following factors demonstrate that the seven bankruptcy cases filed by the Debtor have been for the purpose of delaying, hindering or defrauding his secured creditor's rights with respect to the Property, and that *in rem* stay relief is appropriate:

a)      <u>Transfer of Ownership Without Consent</u>. Shortly after defaulting on the Note and Mortgage, the Debtor's mother transferred the Property to the Debtor, without her secured creditor's consent, in violation of the Mortgage.

b)      <u>Multiple Bankruptcy Filings</u>. The Debtor has filed seven bankruptcy cases. The first six bankruptcy filings were calculated to delay the Debtor's secured creditor from exercising its rights under the Foreclosure Judgement to conduct a foreclosure auction of the Property. This Bankruptcy Case was calculated to delay Movant from exercising its rights under the Writ of Assistance to evict the Debtor from the Property.

c)      <u>Failure to Make Post-Petition Payments in Prior Cases</u>. On information and belief, the Debtor failed to make any mortgage payments or other adequate protection payments during the pendency of any of his six prior bankruptcy cases.

d)      <u>Failure to Confirm Plan in Prior Cases</u>. In each of the prior bankruptcy cases, the Debtor failed to confirm a chapter 13 plan and/or to complete a plan.

e)      <u>Filing Without Ability to Reorganize</u>. The Property has been sold at a foreclosure auction pursuant to the Foreclosure Judgment, and title to the Property has been transferred to Movant.  In accordance with the Writ of Assistance, the Debtor has

no right no right of use, occupancy, or possession of the Property.  Accordingly,

the Debtor cannot propose a plan under which he obtains title or right of use or

occupancy of the Property.  This Bankruptcy Case was clearly filed by the

Debtor, after his appeal of the Writ of Assistance was denied by the Second

Department, in bad faith, for the purpose of delaying his lawful eviction from the

Property.

30.     The Movant respectfully submits that the factors outlined above evidence efforts

to delay and hinder the Debtor's secured creditor with respect to the Property, rather than any

good faith efforts to reorganize, and thus *in rem* relief is necessary and appropriate under the

Bankruptcy Code.  The Movant further respectfully submits that ordinary stay relief is

insufficient to protect its rights, due to the very real possibility that the Debtor and other parties

who occupy or claim to occupy the Property will file additional bankruptcy cases to further delay

enforcement of the Writ of Assistance.

**II.    Movant Is Entitled to Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1) and (2)**

31.     Pursuant to section 362(d)(1) and (2) of the Bankruptcy Code, a secured creditor

is entitled to relief from the automatic stay with respect to its collateral if (1) the secure creditor

lacks adequate protection for its interest in its collateral, or (2) the debtor has no equity in the

collateral and the collateral is not necessary for the debtor's reorganization:

(d) On request of a party in interest and after notice and a hearing, the court *shall grant* relief
from the stay provided under subsection (a) of this section, such as by terminating, annulling,
modifying, or conditioning such stay–

(1)     for cause, including the lack of adequate protection of an interest in property of such
party in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if—

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization[.]

10

11      .S.C. § 362(d) (emphasis added).

32.      Pursuant to section 362(g) of the Bankruptcy Code, a secured creditor seeking

relief from the automatic stay to foreclose on its collateral has the burden of proving that the

debtor lacks equity in such property, while the debtor "has the burden of proof on all other

issues." 11 U.S.C. § 362(g). "Section 362(d)(1) requires an initial showing of cause by the

movant, while Section 362(g) places the burden of proof on the debtor for all issues other than

'the Debtor' equity in property.'" *Sonnax Industries, Inc. v The Component Products Corp.,* 907

F.2d 1280, 1285 (2d Cir. 1990). Moreover, it is well established that sections 362(d)(1) and

(d)(2) of the Bankruptcy Code are disjunctive. "This means that the Court must lift the stay if the

movant prevails under either of the two grounds." *In re Elmira Litho, Inc.*, 174 B.R. 892, 900

(Bankr. S.D.N.Y. 1994) (emphasis added).

33.      Pursuant to section 362(d)(1) of the Bankruptcy Code, a secured creditor is

entitled to relief from the automatic stay "for cause" which expressly includes "the lack of

adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). "[T]he 'interest in

property' referred to by § 362(d)(1) includes the right of a secured creditor to have the security

applied in payment of the debt upon completion of the reorganization; and that that interest is not

adequately protected if the security is depreciating during the term of the stay." *Timbers of

Inwood Forest Assocs.*, 484 U.S.at 370. It is well established that a debtor's failure to make

postpetition payments constitutes cause for lifting the automatic stay. "Without quantifying the

decline in value, the creditor can often establish its *prima facie* case by demonstrating that the

debtor has completely failed, or substantially failed, to make post-petition payments." *Elmira

Litho*, 174 B.R. at 903; *see also In re Blackwell*, 162 B.R. 117, 120 (E.D. Pa. 1993); *Povident

Mutual Life Ins. Co v. Winslow Center Associates (In re Winslow Center Associates)*, 32 B.R.

11

685, 687 (Bankr. E.D. Pa. 1983).

34.     Pursuant to section 362(d)(2) of the Bankruptcy Code, a secured creditor is

entitled to relief from the automatic stay with respect to its collateral if (a) the debtor does not

have any equity in such property, and (b) such property is not necessary for an effective

reorganization.  *See* 11 U.S.C. § 362(d)(2). Section 362(d)(2) "is directed toward real property

mortgage foreclosures where the petition for relief is filed on the eve of the foreclosure."

*In re New Era Co*., 125 B.R. 725, 728 (S.D.N.Y. 1991) (citations omitted).  If a court determines

that a debtor lacks equity in a secured creditor's collateral, the burden shifts to the debtor to

prove that such property is necessary for its reorganization; relief from the automatic stay must

then be granted if the debtor cannot prove a "reasonable possibility of a successful reorganization

within a reasonable time." *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365,

376 (1988).

35.     It has been more than eight months since Movant became the title owner of the

Property.  During this time, the Debtor has refused to vacate the Property, but has failed to make

any payments to Movant for his continued use of the Property. On information and belief, the

Debtor failed to make any adequate protection payments to his secured creditors during the

pendency of any of his prior six bankruptcy cases. Accordingly, Movant is entitled to relief from

the automatic stay under section 362(d)(1) of the Bankruptcy Code.

36.     It is beyond dispute that the Debtor has no equity in the Property, as: (i) the

Property has been sold Movant, formerly the secured creditor, at court-ordered foreclosure

auction; (ii) the New York Supreme Court has entered an order (the Writ of Assistance) in which

it adjudged and decreed that (a) Movant is the fee owner of the Property and is entitled to the

use, occupancy, and possession of the Property, and (b) the Debtor has no right of use,

12

occupancy, or possession of the Property; and (c)the Appellate Division has denied the Debtor's appeal from the Writ of Assistance. Moreover, the Debtor failed to confirm a plan in his six prior cases, and (to date) has failed to file a plan in this case.  In light of these circumstances, it is clear that the Debtor has no intention and is incapable of confirming a plan under which the Debtor obtains the Property or any rights to use the Property and has filed this case in bad faith merely to delay his court-ordered eviction.  Accordingly, Movant is entitled to relief from the automatic stay under section 362(d)(2) of the Bankruptcy Code.

37.     Finally, Movant respectfully submits that the history the Debtor's prior bad faith bankruptcy filings and the circumstances of this filing, together with the other fact and circumstances outline above, constitute ample cause for the Court to waive the 14-day stay under Fed. R. Bankr. P. 4001(a)(3).

## NOTICE

38.     Notice of the Motion shall be provided to (i) the Debtor, (ii) the United States Trustee, and (iii) parties who have filed notices of appearance in the Bankruptcy Case. Movant respectfully submits that such notice is reasonable under the circumstance, and no further notice is required.

## NO PRIOR REQUEST

39.        No prior request for the relief sought herein has been made by Movant to this

Court or any other court.

**WHEREFORE**, Movant respectfully requests that the Court enter an order, substantially in the

form attached hereto as <u>Exhibit A</u>, (i) granting the Movant *in rem* relief from the automatic stay

with respect to the Property, (ii) waiving the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) for

cause, and (iii) granting Movant such other and further relief as is just.


Dated: New York, New York
September 7, 2018

THE LAW OFFICES OF JEREMY S. SUSSMAN

/s/ Jeremy S. Sussman
Jeremy S. Sussman
225 Broadway, Suite 3800
New York, New York 10007
(646) 322-8373
sussman@sussman-legal.com

*Counsel for FT171, LLC*