**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) |  |
| Hershy Itzkowitz, | ) | Case No. 18-23342-rdd |
|  | ) |  |
| *Debtor*. | ) |  |
|  | ) |  |

**ORDER PURSUANT TO 11 U.S.C. §§ 362(d)(1), (2) AND (4) AND 105(a) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a) AND GRANTING IN REM RELIEF AS TO MOVANT'S INTERESTS IN <u>221 REMSEN STREET, MONSEY, NY 10952</u>**

Upon the motion, dated September 7, 2018 (the "Motion") of FT171, LLC (the "Movant") for an order, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), vacating the automatic stay imposed in the above-captioned case by section 362(a) of the Bankruptcy Code as to that certain real property known as 221 Remsen Avenue, Monsey, New York 10952 (formerly known as 47 Remsen Avenue, Monsey, New York 10952, the "Property") to allow the Movant's enforcement of its rights in, and remedies in and to, the Property, with prejudice pursuant to sections 105(a) and 362(d)(1), (2), and (4) of the Bankruptcy Code; and due and proper notice of the Motion having been made on all necessary parties; and upon the objection of the debtor herein (the "Debtor") and all pleadings filed in connection with the Motion; and upon the record of the hearing held by the Court on the Motion; and upon all of the proceedings had before the Court; and, after due deliberation, the Court having found sufficient cause for the requested relief and that the Debtor has no equity in the Property and that the Property is not necessary for an effective reorganization; and the Court having further found that the filing of the petition for relief commencing this case was part of a scheme to delay and hinder secured creditors involving multiple bankruptcy filings affecting the

Property; and the Court further finding that there is a serious risk that the Debtor and others may continue such scheme if the *in rem* relief provided for herein is not granted; now, therefore, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is vacated under section 362(d)(1) and (2) of the Bankruptcy Code with respect to the Movant's interests in the Property, to permit the Movant to enforce its rights in, and remedies in and to, the Property, including, without limitation, eviction proceedings; and it is further

ORDERED, that, pursuant to sections 105(a) and 362(d)(4) of the Bankruptcy Code, if a copy of this Order is recorded in compliance with applicable New York State law governing notices of interests or liens in real property, this Order shall be binding in any other case under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of entry of this Order, such that the automatic stay under section 362(a) of the Bankruptcy Code shall not apply in such case to the Movant's interests in the Property, subject to the right of a debtor in such subsequent case to move, on due notice, for relief from this Order based upon changed circumstances or for good cause shown; and it is further

ORDERED that the 14-day stay of this Order under Fed. R. Bankr. P. 4001(a)(3) is waived, for cause, and this Order is effective immediately on its entry.