UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re Hershy Itzkowitz,                                    Chapter 13

          Debtor.                                          Case No.: 18-23342 (rdd)

--------------------------------------------------------x

### ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of FT171, LLC (with any subsequent successor or assign, the "Movant"), (a) pursuant to 11 U.S.C. §§ 362(d)(1) and (2), for relief from the automatic stay imposed in this case under 11 U.S.C. § 362(a) as to Movant's interest in the real property commonly known as 221 Remsen Avenue, Monsey, New York 10952, formerly known as 47 Remsen Avenue, Monsey, New York 10952 (the "Property"), and (b) pursuant to 11 U.S.C. § 362(d)(4)(B), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the debtor herein, Hershy Itzkowitz (the "Debtor"), non-debtor Pearl Itzkowitz, non-debtor Margaret Itzkowitz, non-debtor Aryeh Zaks, or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to the Property; and, after due and sufficient service and notice, the Court having held a hearing on the Motion on September 26, 2018; and upon the Debtor's objection to the Motion; and, after due deliberation, the Court having determined for the reasons stated in its bench ruling at the hearing that the filing of the Debtor's bankruptcy petition was part of a long-running scheme to delay and hinder creditors that has involved multiple bankruptcy filings by the Debtor affecting the Property; and good and sufficient cause appearing, including the failure of the Debtor to perform his duties as debtors under the Bankruptcy Code in good faith in multiple bankruptcy cases affecting the Property and the fact that, based on the prepetition foreclosure sale of the Property, the Debtor has only a bare possessory interest in the Property, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the automatic stay under 11 U.S.C. § 362(a) is vacated pursuant to 11 U.S.C. §§ 362(d)(1) and (2) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property; and it is further

ORDERED that, under 11 U.S.C. § 362(d)(4), and provided that this order is recorded in

1

conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property; and it is further

ORDERED that the 14-day stay of this Order under Fed. R. Bankr. P. 4001(a)(3) is waived, for cause, and this Order is effective immediately on its entry.


Dated:  White Plains, New York
        October 1, 2018

                                        /s/Robert D. Drain
                                        Hon. Robert D. Drain
                                        U.S. Bankruptcy Judge